UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOWARD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-604-JRG-CCS |
| | ) | |
| MAINE POINTE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Motion to Amend Complaint [Doc. 25] and Plaintiff's Motion for Relief from Scheduling Order [Doc. 27]. Accordingly, for the reasons explained below, the Court finds both Motions [**Docs. 25 and 27**] well-taken, and they are **GRANTED**.

### I. POSITIONS OF THE PARTIES

With respect to the Motion to Amend [Doc. 25], the Plaintiff states that the Scheduling Order provides that such motions shall be filed on or before March 21, 2017. The Plaintiff explains that upon review of discovery that the Defendant supplemented on or about May 19, 2017, it is apparent to the Plaintiff that he needs to amend his Complaint to reflect a much larger amount of damages. The Plaintiff asserts that discovery has revealed damages in excess of $730,000.00. In addition, the Plaintiff states that the Court struck his fraud claim on June 27, 2017, and the proposed Amended Complaint no longer contains this claim. The Plaintiff attached the proposed [Doc. 25-1] Amended Complaint as an exhibit to his Motion.

With respect to the Plaintiff's Motion for Relief from Scheduling Order [Doc. 27], the Plaintiff seeks permission to amend his Complaint outside the deadline. In addition, the Plaintiff requests that he be permitted to depose six individuals. The Plaintiff states that the parties earlier agreed to depose a maximum of three individuals each, although Federal Rule of Civil Procedure 30 permits up to ten depositions without leave of Court. Finally, the Plaintiff requests "clarification that all depositions may be conducted up until March 13, 2018." [Doc. 27 at 2].

The Defendant responds [Doc. 28] in opposition to the Motion. The Defendant states that the parties agreed during their Rule 26(f) planning meeting to take only three depositions each. The Defendant argues that since the agreement, the issues have been narrowed, not broadened. The Defendant states that the only claim left is the Plaintiff's breach of contract claim and that there is no good cause for allowing the Plaintiff to renege on his earlier stipulation. The Defendant asserts that the Plaintiff disclosed all of the individuals he now seeks to depose in his initial disclosures. The Defendant states that permitting the depositions will significantly increase the costs of litigation because each individual the Plaintiff proposes to depose resides and works outside Tennessee.

The Plaintiff replies [Doc. 29] that the Court did not limit depositions and that discovery has revealed that he needs to depose six individuals. The Plaintiff states that stipulations to discovery deadlines and the number of depositions are not binding, if rejected by the Court. The Plaintiff states that the depositions are necessary, and he explains the information each individual possesses about the underlying facts in this case. In addition, the Plaintiff asserts, "All of these individuals are third-parties who reside more than 100 miles from this venue" and that "these depositions for proof are essential." [Doc. 29 at 3]. The Plaintiff continues that he is committed to flexibility with respect to taking the depositions in order to prevent undue burden on either party.

The Plaintiff submits that the Defendant did not object to his Motion to Amend or to his request for clarification. The Plaintiff states that he moves this Court "to confirm that Plaintiff may conduct six (6) depositions on or before March 13, 2018."

II. **ANALYSIS**

With respect to the Motion to Amend, the Court finds that no party has responded in opposition to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The Court notes that while the Motion was not timely pursuant to the Scheduling Order, the Defendant has not objected to the Motion. In addition, the Court finds that the Plaintiff's Motion is supported by good cause, *see* Fed. R. Civ. P. 15, and it complies with the Rules of this Court, *see* E.D. Tenn. L.R. 15.1. Accordingly, the Plaintiff's Motion to Amend the Complaint [**Doc. 25**] is **GRANTED**. The Plaintiff **SHALL FILE** his Amended Complaint [Doc. 25-1] as his operative pleading in CM/ECF on or before **August 30, 2017.**

With respect to the Plaintiff's Motion for Relief from the Scheduling Order, the Court has considered both parties' positions and finds that the Plaintiff's request to depose six individuals well-taken. While the Court does not encourage parties to renege on early agreements regarding discovery, the Court acknowledges that throughout litigation, discovery needs may change. The Plaintiff has explained why he would like to depose each individual, and the Court finds the Plaintiff's discovery requests in accordance with Rule 26(b)(1). *See also* Fed. R. Civ. P. 30 (permitting a party to take ten depositions and requiring the Court to grant leave to take more than ten depositions to the extent consistent with Rule 26(b)(1) and (2)). The parties are encouraged to work together to reduce the costs of these additional depositions.

The Plaintiff also requests additional time to file his Complaint. The Court has addressed

this request above.  Finally, the Plaintiff requests clarification of the Scheduling Order. Specifically, in his Motion, he states that he "would like clarification that all depositions may be conducted up until March 13, 2018." [Doc. 27 at 2].  Later, in his Reply, he states, "[C]ounsel for Defendant did not object to Plaintiff's Motion to Amend or Plaintiff's request for clarification that the Parties have until March 13, 2018, to conduct all depositions."  The Plaintiff then moves the Court "to confirm that Plaintiff may conduct six (6) depositions on or before March 13, 2018." [*Id.*].

The Scheduling Order does not state that all depositions shall be completed by March 13, 2018.  The Scheduling Order is clear in that discovery shall be completed by July 18, 2017.  [Doc. 11 at 3].  In Section 11 of the Scheduling Order, it states, "Depositions *for evidence* shall be conducted no later than March 13, 2018, unless the parties agree otherwise, which agreement shall be memorialized in writing, or unless leave of Court is granted." [*Id.* at 6] (Emphasis added).  The Court finds any further clarification is unnecessary.[1]

## III.  CONCLUSION

Accordingly, for the reasons explained above, the Court finds the Plaintiff's Motion to Amend Complaint [**Doc. 25**] and Motion for Relief From Scheduling Order [**Doc. 27**] well-taken, and they are **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] It is unclear to the Court if the Plaintiff is seeking an extension of the discovery deadline. In the Plaintiff's Reply, he states that the depositions he seeks to conduct are depositions for proof. Because it appears that the Plaintiff only seeks clarification, the Court will not extend any of the deadlines at this juncture.

4